IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00281-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| EDDIE WAYNE SNEAD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion of Defendant, Eddie Wayne Snead, to suppress tape recordings made by a confidential informant during two controlled drug purchases. [DE-75]. The Government has responded [DE-85]. To further develop the record, the Court conducted an evidentiary hearing on February 7, 2011. This matter is now ripe for decision.

**I.     STATEMENT OF THE CASE**

On September 24, 2009, the Grand Jury issued a three count indictment charging Defendant with one count of conspiracy to distribute more than five (5) kilograms of cocaine and two counts of distribution of cocaine, all in violation of 21 U.S.C. § 841(a)(1).

On December 10, 2010, Defendant filed the instant motion to suppress. He contends that the confidential informant who allegedly made controlled purchases of cocaine from him did not voluntarily wear a tape recorder. Accordingly, Defendant contends that the tape recording should be suppressed.

**II.    STATEMENT OF THE FACTS**

Special Agent Steven Babits ("Agent Babits") was the sole witnesses at the February 7, 2011 evidentiary hearing.

A.  **Testimony of Agent Babits**

Agent Babits is employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and was assigned to Defendant's case. He was involved in two controlled purchases of cocaine, in March and April of 2008, made from Defendant by a confidential informant ("CI"). At the time of the controlled purchases, the CI was on release pending sentencing, having pled guilty to a federal drug charge. The CI had signed a plea agreement and had contacted ATF regarding drug purchases that he could make from Defendant. Agent Babits testified that the CI was not coerced to assist ATF.

On the date of the March 2008 purchase, Agent Babits met with the CI and was told that the CI had contacted Defendant to purchase cocaine. Agent Babits searched the CI and his vehicle for contraband and then attached a recording device to the CI. The CI called Defendant and then drove to a car lot in Dunn, NC where he met Defendant. Defendant gave the CI approximately seven grams of cocaine and told him it was no charge because they were good friends. The CI offered Defendant $100.00, but Defendant would not take the money. There was some discussion about Defendant buying the CI's watch, but Defendant did not take the watch. The CI then met Agent Babits at a predetermined meeting place, was again searched for contraband, and turned over the drugs, which the lab confirmed was 7.2 grams of cocaine.

On the date of the April 2008 purchase, Agent Babits met the CI at a predetermined location. The CI informed Agent Babits that he had been in contact with Defendant regarding the purchase of a couple of ounces of cocaine. Agent Babits searched the CI and his vehicle for contraband and then attached a recording device to the CI and a transmitter to his vehicle. The CI went to

2

Smithfield, NC where he met Defendant, and Defendant then instructed the CI to go to the KFC in Benson, NC. Upon arrival at the KFC, Defendant got into the CI's vehicle and they discussed the drug purchase, including the drug volume. Defendant exited the CI's vehicle without indicating that he would be back or that he was going to get the drugs. Approximately one minute later, a person known as "Green" got into the CI's vehicle. Defendant had not mentioned Green to the CI, but Green told the CI that "Eddie said $500" and handed the CI a chicken box that contained cocaine. The CI gave Green the money. The CI then met Agent Babits at a predetermined meeting place, was again searched for contraband, and turned over the drugs, which the lab confirmed was 12.9 grams of cocaine.

### III.   DISCUSSION

Defendant contends that the tape recordings from the controlled purchases should be suppressed because the CI did not voluntarily record the conversations. In his motion to suppress, Defendant asserted that the CI was threatened with unknown charges unless he agreed to set Defendant up. Mot. to Suppress at 1 [DE-75]. At the hearing, Defendant's counsel argued that the fact that the CI and Defendant were friends and that Defendant took no money from the CI during the March purchase supports the contention that the CI's participation was involuntary. Defendant presented no evidence to support these assertions, and the Court declines the invitation to make such an unsupported inference.

The testimony of Agent Babits was that the CI came to ATF seeking to cooperate and offered information regarding Defendant. Agent Babits also testified that the CI had signed a plea agreement and was awaiting sentencing on a federal drug charge at the time of the controlled purchases. The

3

logical inference from the testimony of Agent Babits is that the CI was trying to help himself at sentencing by cooperating with a federal agency. Courts have found that such self-serving behavior does not equate to involuntariness. *See United States v. Rich*, 518 F.2d 980, 985 (8th Cir. 1975) ("The fact that Walsh became a government informant in exchange for a promise of immunity from prosecution in no way diminishes the voluntariness of his 'consent' to the monitoring of his conversations.") (citations omitted). Furthermore, the fact that the CI knew the conversation was being recorded and proceeded with the transaction is evidence that his participation was voluntary. *See United States v. Marcello*, 531 F. Supp. 1113, 1121 (D.C. Cal. 1982) ("The proof necessary to show that voluntary consent to an interception is considerably less stringent than that needed to show consent to a physical search. Ordinarily, the government need only show that the consenting party knew his conversations were being taped.") (internal citation and quotations omitted).

The Court concludes that there is no evidence to support Defendant's contention and finds that the CI's tape recording of the controlled purchases was voluntary.

IV. **CONCLUSION**

The Court **RECOMMENDS** that the motion to suppress [DE-75] be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to,

and accepted by, the District Court.

This the 15th day of February, 2011.

DAVID W. DANIEL
United States Magistrate Judge

5

Case 5:09-cr-00281-H   Document 90   Filed 02/15/11   Page 5 of 5