IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-281-1H
No. 5:14-CV-358-H

EDDIE WAYNE SNEAD,  )
    Petitioner,  )
                        )
v.                     )          **ORDER**
                        )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on the government's motion to dismiss, [DE #155], petitioner's motion to vacate his sentence under 28 U.S.C. § 2255, [DE #151]. Petitioner filed a response, [DE #160], as well as the following: motion for leave to file a partial supplement to motion to vacate, [DE #163]; motion for leave to file a second supplemental petition to his motion to vacate, [DE #170]; addendum to the second supplemental petition, [DE #174]; motion for release from custody pending ruling on the motion to vacate, [DE #172]; motion to enforce judgment, [DE #173]; and motion seeking docketing sheet and status inquiry, [DE #175]. These matters are ripe for adjudication.

## BACKGROUND

On April 8, 2011, petitioner pled guilty pursuant to a written plea agreement following a change of plea hearing, to distribution of a quantity of cocaine on or about March 25, 2008, in violation

of 21 U.S.C. §§ 841(a)(1) (Count Two).[1] [DE #108 ¶3a]. On November 8, 2011, the court sentenced petitioner to a term of imprisonment of 228 months. [DE #130]. Petitioner timely appealed his judgment, and the Fourth Circuit dismissed in part and affirmed in part on November 7, 2012. United States v. Snead, No. 11-5100, 2012 WL 5417555, at *1, *3 (4th Cir. November 7, 2012) (unpublished), cert. denied, 133 S. Ct. 2869 (June 24, 2013). On June 19, 2014, petitioner timely filed the instant motion to vacate pursuant to 28 U.S.C. § 2255.

**COURT'S DISCUSSION**

I. **Petitioner's Motion to Vacate under 28 U.S.C. § 2255, [DE #151], and Government's Motion to Dismiss, [DE #155]**

   **A. Ineffective Assistance of Counsel ("IAC") Standard**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's

---

[1] On December 9, 2010, petitioner pled not guilty to the three charges contained in his indictment following his competency hearing on the same day at which he accepted the finding of the psychiatric evaluation that he was competent to stand trial. [DE #71, #72, #110].

2

assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner must show the defense was prejudiced by the deficient performance of counsel. Id. at 687. Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### B. IAC regarding competency

First, petitioner alleges counsel was ineffective at the competency hearing and sentencing hearing. The waiver in the plea agreement precludes an appeal of issues "excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea." [DE #108 ¶2c]. The competency hearing took place approximately four months before the entry of the guilty plea, and therefore these claims were precluded by the plea agreement waiver. [DE #71 and #108]. To the extent petitioner alleges ineffective assistance of counsel at the sentencing hearing due to counsel's failure to request another psychiatric evaluation, petitioner relies upon a showing of incompetence by rambling allocution and letters submitted to the

3

court.[2] Petitioner has not brought forth more than conclusory allegations to show why, after a full psychiatric evaluation, finding of competency by the court, and entry of a plea agreement at a Rule 11 hearing, counsel's performance was deficient for not re-raising the competency issue. Therefore, this claim fails.

**C. IAC regarding acceptance of responsibility**

Second, petitioner contends his counsel rendered ineffective assistance by failing to bring to the court's attention the government's breach of the plea agreement by failing to move for an extra one point reduction for acceptance of responsibility.

The government and petitioner agreed to a three point reduction in the plea agreement, "if the adjusted offense level is 16 or greater." [DE #108 ¶5a]. In his presentence investigation report ("PSR"), petitioner had an adjusted offense level of 36. [DE #120 ¶80]. However, there was no adjustment in the PSR for acceptance of responsibility, as the PSR indicated "[t]he defendant has not accepted responsibility for the instant offense. Since the defendant's guilty plea, he has denied guilt." Id. at ¶82. Defense counsel objected in writing to the PSR's lack of a three point reduction for acceptance of responsibility on the basis

---

[2] Petitioner appealed the alleged failure of the district court to order another competency hearing sua sponte. In rejecting petitioner's argument, the Fourth Circuit held petitioner "fail[ed] to connect his allocution with any reasonable basis for believing he lacked understanding of the sentencing proceeding or lacked the ability to assist in his defense." Snead, No. 11-5100, 2012 WL 5417555, at *2.

4

the letters written by Snead "denying activities, were meant to apply to the statements in reference to the other crimes to which he did not ple[a]d guilty," and argued Snead accepted responsibility for the offense to which he pled guilty. [DE #120 ¶9 of Objections]. The court heard further argument at sentencing from both parties regarding the three point reduction for acceptance of responsibility. [DE #139 at 9-12]. Following argument, the court awarded a two point reduction for acceptance of responsibility. [DE #139 at 12]. Thus, counsel did not fail to object to the lack of the extra one point reduction for acceptance of responsibility, as petitioner alleges. Therefore, petitioner's argument on ground two fails.

### D. IAC regarding § 851(b) and the presentence report

Third, petitioner argues counsel rendered ineffective assistance of counsel by failing to bring to the court's attention the failure of the court to comply with 21 U.S.C. § 851(b) before pronouncing a sentence. Specifically, petitioner alleges the court failed to inquire of defendant whether he affirmed or denied the conviction, and defense counsel failed to investigate and research the relevant law. [DE #151-1 at 69-70].

21 U.S.C. § 851(b) provides "[i]f the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he

5

affirms or denies that he has been previously convicted as alleged in the information." 21 U.S.C. § 851(b). Further, § 851(b) requires the court "shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Id. The government filed an information under § 851(b) on December 4, 2009. [DE #20]. The information provided notice to the defendant of a 1993 North Carolina conviction for selling cocaine, subjecting defendant "to enhanced penalties under 21 U.S.C. § 841(b)." [DE #20 at 1]. The court notes petitioner challenged this 1993 conviction in the objections to the PSR, and thus was afforded an opportunity required by § 851 to affirm or deny the conviction. [DE #120 ¶6, 8 of Objections]. The court addressed the objections of defendant to the PSR at sentencing. [DE #139 at 6-7]. The court found "[t]he court records indicate that an individual named Eddie Wayne Snead, date of birth, May 2, 1967, was convicted of that sale under North Carolina Department of Corrections records, which contain a picture of the defendant reflecting the defendant's incarceration for that offense and therefore that objection is denied." [DE #139 at 6-7]. Finally, the court did not breach the requirement of § 851 to inquire of defendant regarding his affirmation or denial of the conviction, as defendant had already objected in the PSR, and the court considered the objection in open court. The court notes the government noticed petitioner of the 1993

6

conviction, [DE #20]; petitioner challenged his conviction in the PSR, [DE #120 ¶6, 8 of Objections], and thus was afforded an opportunity required by § 851 to affirm or deny the conviction. Thus, petitioner's third claim fails as he has not shown any deficient performance by counsel or prejudice therefrom.

Fourth, petitioner argues counsel rendered ineffective assistance by failing to request another presentence report after the government revealed discrepancies in witnesses' statements which allegedly invalidated the drug weights. The court notes the parties stipulated at the sentencing hearing to the base offense level being 34. [DE #139 at 12-13]. The court also notes the presentence report request for a re-calculation of the drug weight would not have changed the guidelines when the defendant's status as a career offender would require a base offense level of 34. [DE #139 at 12-14; DE #121]; See USSG § 4B1.1(b). Petitioner has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Therefore, petitioner's fourth claim fails.

### E. IAC Cumulatively

Fifth, petitioner alleges ineffective assistance of counsel on the basis the cumulative result of the aforementioned grounds constitute ineffective assistance. Considering the foregoing discussion of the court, this fifth ground is without merit.

**F. IAC on appeal**

Sixth, petitioner alleges appellate counsel rendered ineffective assistance of counsel by failing to address these claims on appeal. However, as the court finds these claims are without merit, appellate counsel was under no obligation to bring frivolous claims when he filed an appeal constituting reasonable grounds for relief. Therefore, the court finds this sixth claim fails.

II. **Petitioner's Motion for Leave to File a Partial Supplement to his Motion to Vacate, [DE #163], Motion for Leave to File a Second Supplemental Petition to his Motion to Vacate, [DE #170], and Addendum to his Second Supplemental Petitioner, [DE #174]**

After careful review and consideration by the court, petitioner's motion for leave to file a partial supplement to his motion to vacate, [DE #163], and motion for leave to file a second supplemental petition to his motion to vacate, [DE #170], are GRANTED.

In the substance of the partial supplement to the motion to vacate, [DE #163-1]; second supplemental petition to the motion to vacate, [DE #170]; and addendum to the second supplemental petition, [DE #174], petitioner alleges the three convictions listed in his PSR were not qualifying predicate offenses for designation of the petitioner as a career offender. See [DE #120 ¶¶25, 26, 36]. Petitioner alleges his 1991 and 1993 convictions are not qualifying predicate offenses for the following reasons:

8

(1) the convictions are not felonies under United States v. Simmons, 649 F.3d 237, 239 (4th Cir. 2011); (2) his 1991 conviction for possession with intent to sell and deliver cocaine and his 1993 conviction for sale of cocaine were outside the permissible period of time to be considered; and (3) the 1991 conviction does not meet the definition of a controlled substance offense and was pursuant to an Alford plea making Snead actually innocent. [DE #163-1 at 7-8; DE #170 at 3; DE #174 at 3]. Petitioner specifically challenges his 1997 North Carolina common law robbery conviction and argues it is no longer a crime of violence under Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner also contends his counsel was ineffective for failing to object or raise these issues with the court.

Snead appealed the qualification of his 1991 and 1993 convictions as felonies sufficient for predicate offenses for career offender status. [DE #31 Brief of Appellant at 33-36, Snead, No. 11-5100, 2012 WL 5417555, at *1 (unpublished)]. The Fourth Circuit found Snead's plea agreement was entered knowingly and voluntarily, and that the appeal waiver contained therein was valid and precluded review of this issue. Snead, No. 11-5100, 2012 WL 5417555, at *1 (unpublished) (holding "we dismiss the portion of Snead's appeal challenging his sentence under United States v. Simmons, 649 F.3d 237, 241-47 (4th Cir. 2011) (en banc),

9

and Congress' sentencing policies").[3] The valid appeal waiver in Snead's plea agreement also precludes his right to contest his conviction or sentence in a post-conviction motion, such as this one, excepting claims of ineffective assistance of counsel or prosecutorial misconduct. [DE #108 ¶2c]. Petitioner also claims ineffective assistance of counsel with regard to failure of counsel to argue the validity of his 1991, 1993, and 1997 convictions as qualifying predicate offenses under career offender guidelines. [DE #163 at 2]. These claims would not be barred by the appeal waiver. However, the 1991, 1993, and 1997 convictions were all qualifying predicate offenses and it was "within the wide range of reasonable professional assistance," for counsel to not object to these convictions as qualifying predicate offenses. Strickland, 466 U.S. at 689.

Petitioner's 1997 North Carolina common law robbery conviction is a crime of violence under USSG § 4B1.2(a).[4] See United States v. Davis, No. 15-4527, 2017 WL 1291202, at *1 (4th

---

[3] See also United States v. Murphy, No. 16-4124, 16-4125, 2017 WL 1959016, at *2 (4th Cir. May 11, 2017) (unpublished). Similar to the defendant in Murphy, Snead's appeal of his classification as a career offender on three predicate offenses "concerning the calculation of the applicable [g]uidelines range falls within the scope of his appeal waiver." Murphy, No. 16-4124, 16-4125, 2017 WL 1959016, at *2.

[4] Petitioner's reliance on Johnson v. United States, 135 S. Ct. 2551 (2015), is misplaced. Johnson held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally void for vagueness. Johnson did not invalidate the residual clause of § 4B1.2(a), and in United States v. Beckles, 137 S. Ct. 886, 897 (2017), the Supreme Court specifically upheld the residual clause of § 4B1.2(a).

Cir. April 7, 2017) (unpublished) (affirming district court's finding North Carolina common law robbery was a crime of violence as a predicate offense for establishing career offender designation); see also United States v. Riley, 856 F.3d 326, 329 (4th Cir. 2017) (holding a prior Maryland conviction of simple robbery, which has identical elements to North Carolina common law robbery, qualified as a "crime of violence" under the residual clause of the career offender guideline).[5] Therefore, the 1997 conviction was a valid predicate offense.

Petitioner's 1991 and 1993 convictions are also proper predicate felonies. Petitioner's reliance on Simmons is misplaced as petitioner received a sentence in excess of one year on both his 1991 and 1993 convictions, which occurred prior to the enactment of the North Carolina Structured Sentencing Act in 1994. [DE #120 ¶¶25, 26]. Petitioner's claim that his counsel was ineffective for failing to object to his 1991 and 1993 convictions under Simmons fails.

As to petitioner's claim the 1991 and 1993 convictions were stale, this argument also fails. Petitioner elected to serve two

---

[5] North Carolina common law robbery and Maryland simple robbery have almost identical elements. North Carolina common law robbery is "the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." United States v. Gardner, 823 F.3d 793, 802 (4th Cir. 2016) (quoting North Carolina v. Smith, 292 S.E.2d 264, 270 (N.C. 1982)). Similarly, Maryland simple robbery is "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence or putting in fear." Riley, 856 F.3d at 329 (quoting Conyers v. State, 693 A.2d 781, 796 (M.D. 1997)).

years custody for his 1991 conviction on May 6, 1993. [DE #120 ¶25]. He was paroled on September 12, 1993. Id. Therefore, petitioner was incarcerated during the period of May 6, 1993, and September 12, 1993, which was within fifteen years of commencement of the offense for which he was sentenced. [DE #120 ¶2]. Petitioner was incarcerated during the identical period for his 1993 conviction. [DE #120 ¶26]. Thus, these prior convictions are timely under USSG § 4A1.2(e)(1), and petitioner's counsel would not be ineffective for failing to raise this issue. See also Application Note 3 of USSG § 4B1.2.

Petitioner's contentions that his 1991 conviction is not a qualifying predicate offense because it was pled as an Alford plea and because it was not a controlled substance offense also are invalid. Petitioner's 1991 conviction for possession with intent to sell and deliver cocaine is counted based upon the fact of conviction, not based upon the method at which a conviction was reached. USSG § 4B1.2(c); see also § 4B1.1(a); [DE #120 ¶25]. A "'controlled substance offense' means an offense under . . . state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). The conviction was punishable by a term of imprisonment in excess of one year as previously established, and it was for the offense of possession

12

of a controlled substance, namely cocaine, with the intent to sell and deliver. [DE #120 ¶25]. Thus, petitioner's 1991 conviction was a controlled substance offense, and therefore petitioner's counsel's performance was not defective.

Therefore the claims raised in the partial supplement, [DE #163-1]; second supplemental petition, [DE #170]; and addendum to the second supplemental petition, [DE #174], are DENIED.

### III. Petitioner's Motion for Release from Custody, [DE #172], Motion to Enforce Judgment, [DE #173], and Motion Seeking Docketing Sheet and Status Inquiry, [DE #175]

In light of the court's foregoing discussion, petitioner's motion for release from custody, motion to enforce judgment, and motion seeking docketing sheet and status inquiry [DE #172, #173, #175], are DENIED.

### CONCLUSION

For the foregoing reasons, the government's Motion to Dismiss, [DE #155], is GRANTED. Petitioner's Motion for Leave to File a Partial Supplement to his Motion to Vacate, [DE #163], and Motion for Leave to File a Second Supplemental Petition to his Motion to Vacate, [DE #170], are GRANTED. Petitioner's Motion to Vacate his sentence under 28 U.S.C. § 2255, [DE #151]; Motion for Release from Custody, [DE #172]; Motion to Enforce Judgment, [DE #173]; and Motion Seeking Docketing Sheet and Status Inquiry, [DE #175], are DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 14th day of August 2017.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35