IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-281-1H

UNITED STATES OF AMERICA )
)
v. )
) **ORDER**
EDDIE WAYNE SNEAD )
)
)

This matter is before the court on defendant's motion for compassionate release [DE #197]. Following appointment of counsel, defendant, through counsel, filed a memorandum in support of his motion as well as sealed exhibits in support [DE #202 and #203]. The government responded in opposition [DE #206], and defendant replied [DE #207]. The government filed a supplemental response in opposition [DE #209]. Defendant, through counsel, filed a motion to expedite [DE #214]. Defendant pro se sent letters to the court [DE #213, #215, #216]. The court is also in receipt of two letters from non-parties in support of defendant's motion [DE #217, #218]. The court directed the parties to file a brief status update regarding defendant's medical status on February 22, 2021 [DE #219]. In response, the government filed a report and exhibit [DE #220 and #221], and defendant filed a Notice [DE #224]. The court has reviewed and considered all the filings. This matter is ripe for adjudication.

## BACKGROUND

On April 8, 2011, petitioner pled guilty pursuant to a written plea agreement following a change of plea hearing, to distribution of a quantity of cocaine on or about March 25, 2008, in violation of 21 U.S.C. §§ 841(a)(1) (Count Two). [DE #108 ¶3a]. On November 8, 2011, the court sentenced petitioner to a term of imprisonment of 228 months. [DE #130].

Mr. Snead is 53 years old and is serving his sentence at the Federal Correctional Institute at Fort Dix-LOW. Mr. Snead has been in custody since September 30, 2009. His projected release date is December 8, 2024. While incarcerated, he has incurred no infractions, maintained employment, taken numerous classes, and worked to better himself. Upon his release, Mr. Snead plans to reside with his mother, Audrey Snead, in Benson, North Carolina. Mr. Snead has diabetes, hypertension, and obesity, which put him at increased risk for severe complications of COVID-19. However, Mr. Snead contracted COVID-19 in January 2021 and now thankfully appears to have recovered from COVID-19.

## COURT'S DISCUSSION

I.  **Standard of Review**

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First

Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered. . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (alteration in original) (citation omitted).

**II. Analysis**

Defendant contends he requested compassionate release from the Warden at Fort Dix and that more than thirty days have passed. The government does not challenge that defendant has met the exhaustion requirement. The court assumes without deciding that defendant has exhausted his administrative remedies and addresses defendant's claim on the merits.

Further, the government does not challenge that defendant suffers from underlying medical conditions that make him more susceptible to complications from a COVID-19 infection, but argues the 3553(a) factors weigh against compassionate release. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate

4

shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Adamson, 831 F. App'x 82, 83 (4th Cir. 2020)(quoting United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D.Va.2020) (citing cases).

Defendant is 53 years old. He suffers from diabetes, hypertension, and obesity, all which increase his risk for complications of COVID-19. Defendant pro se informed this court that he tested positive for COVID-19 on January 8, 2021. This court requested a status update from the parties. Per the government's filing, on January 25, 2021, defendant's COVID-19 symptoms were determined to be resolved. Defendant's medical records confirm he appears to have recovered from COVID-19.

Even assuming defendant has shown extraordinary and compelling reasons for his release, the court weighs the § 3553(a) factors and finds they do not justify release. See United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020) (stating that § 3582(c)(1)(A) requires district courts to determine "if the § 3553(a) factors merit [compassionate release]").

Defendant contends the 3553(a) factors weigh in favor of granting his motion. He has served over 128 months of his 228 month sentence, having been in custody since September 30, 2009. He has been a model inmate, incurring not a single infraction in eleven years. He has taken advantage of programming, including

5

completing drug rehabilitation programs and criminal thinking programs. He successfully completed the RDAP program at Fort Dix and the doctor in charge of the program speaks highly of defendant. [DE #202, Ex. 3, Letter from Dr. Curry, at 1-2.] He has maintained consistent employment while incarcerated as well as contact with his family.

The court acknowledges defendant's good post sentencing conduct. However, defendant is a career offender with an extensive criminal history spanning a long period of time. He received an appropriate sentence of 228 months. He still has a significant portion of his sentence remaining. His 228-month sentence was appropriate to punish defendant for his criminal conduct and to deter defendant from committing further criminal acts.

Therefore, the court finds defendant the 3553(a) factors weigh against compassionate release.

## CONCLUSION

For the foregoing reasons, defendant's motion for compassionate release [DE #197] is DENIED.

This 16th day of March 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26